IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| **Annette Williams**<br>707 Ohio River Blvd., Apt 302<br>Pittsburgh, PA 15202<br><br>Plaintiff,<br><br>v.<br><br>**The Program for Offenders, Inc.**<br>564 Forbes Avenue, Suite 930<br>Pittsburgh, PA 15219<br><br>Defendant. | CIVIL DIVISION<br><br>Docket #: GD-20-012812<br><br>**COMPLAINT IN CIVIL ACTION**<br><br>Filed on behalf of: Plaintiff.<br><br>COUNSEL OF RECORD FOR THIS PARTY:<br><br>David M. Kobylinski, Esquire<br>Pa. ID No.: 92233<br><br>Peter T. Kobylinski, Esquire<br>Pa. ID No.: 309832<br><br>PRAETORIAN LAW GROUP, LLC<br>515 Court Place, Ste 4<br>Pittsburgh, PA 15219<br>(412) 281-6600 |

EXHIBIT C

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **Annette Williams,** ) | |
| ) | CIVIL DIVISION |
| Plaintiff, ) | |
| ) | Docket #: GD-20-012812 |
| v. ) | |
| ) | |
| **The Program for Offenders, Inc.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service<br>
Allegheny County Bar Association<br>
11th Floor Koppers Building<br>
436 Seventh Avenue<br>
Pittsburgh, PA 15219<br>
(412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **Annette Williams,** | ) |
| | ) CIVIL DIVISION |
| Plaintiff, | ) |
| | ) Docket #: GD-20-012812 |
| v. | ) |
| | ) |
| **The Program for Offenders, Inc.** | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## COMPLAINT

AND NOW come plaintiff Annette Williams, through counsel, who aver as follows:

### THE PARTIES

1. Plaintiff Annette Williams is an adult individual and resides at 707 Ohio River Blvd, Apt 302, Pittsburgh Pennsylvania 15202. Plaintiff is an African-American.

2. Defendant The Program for Offenders, Inc. is a corporation and conducts its general business operations at 564 Forbes Avenue, Suite 930, Pittsburgh ,PA 15219.

3. Pursuant to Pa. R.C.P. 1006 & 2179, venue is appropriate in Allegheny County because Defendant conducts business herein on a regular and continuing basis.

### ADMINISTRATIVE PREREQUISITES

4. Plaintiffs timely filed a Complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging unlawful discrimination on account of her race. Plaintiff dual filed her Complaint of discrimination with the Pennsylvania Human Relations Commission (hereinafter "PHRC").

5. Plaintiff each received a Right to Sue letter from the U.S. Equal Employment Opportunity Commission and this action was commenced within the 90 day deadline set forth by that letter.

## STATEMENT OF THE FACTS

6. Plaintiff is an African-American woman and was born on January 30, 1958. Plaintiff is currently 63 years of age.

7. On or around March 25, 2019, Plaintiff was hired by defendant as a full-time therapist.

8. During her employment, Plaintiff was routinely subjected to discrimination on the basis of her age, disabilities, race and color.

9. Plaintiff suffered from the following serious medical conditions that affected her ability to work: stenosis, severe hip and knee conditions, dyslexia and prior instances of pneumonia.

10. At all times relevant to this mater, Plaintiff continued to suffer from these conditions.

11. Plaintiff's serious medical conditions affected her ability to perform major life activities and perform aspects of her employment without a reasonable accommodation.

12. In spite of her disabilities, Plaintiff was able to perform her job duties with a reasonable accommodation of having her workstation on the first floor that allowed her to avoid using stairs.

13. Initially, Defendant accommodated Plaintiff's request to work on the first floor due to her medical conditions.

14. Then on or around March 2020, defendant moved Plaintiff's workstation upstairs.

15. Plaintiff objected to this relocation and requested that her reasonable accommodation of working on the first floor be allowed to continue due to her severe medical conditions.

16. Plaintiff's Caucasian supervisor refused to provide her with this reasonable accommodation.

17. Later in March at the beginning of the pandemic, Plaintiff became concerned about her health as several of her co-workers became infected with COVID-19.

18. Due her history of pneumonia, Plaintiff consulted with her physician due to her concerns and was advised to work remotely and/or by telephone.

19. On or around April 2020, Plaintiff requested this reasonable accommodation due to her health concerns and medical recommendations.

20. Defendant refused Plaintiff's request for this reasonable accommodation as well.

21. Plaintiff attempted to seek guidance from both OSHA and the ACLU.

22. Plaintiff believes and therefore avers that defendant learned about Plaintiff seeking this additional guidance from both OSHA and the ACLU.

23. On April 30, 2020, Plaintiff was terminated from her employment.

24. Defendant informed Plaintiff that she was terminated for failure to wear a mask.

25. Plaintiff believes and therefore avers that her Caucasian coworkers were not similarly disciplined for not wearing a mask. Plaintiff believes that she was targeted by Defendant based upon her race.

26. Plaintiff believes and therefore avers that Defendants' proffered reasons for her termination are pretextual and the actual motivation was based upon her age, race and disability and request for a reasonable accommodation.

27. Plaintiff observed her younger Caucasian coworkers not wear a mask and knew of other employees who did not wear masks at work but were not likewise terminated.

28. After being terminated, Plaintiff believes and therefore avers that Defendant hired a younger Caucasian individual for her position.

29. Plaintiff believes and therefore avers that Defendant engaged in a concerted effort to discriminate against her and other African-Americans on the basis of race and color.

30. Plaintiff further believes that she was terminated as a result of her age and/or disability.

## INJURIES AND DAMAGES

31. As a direct and proximate result of Defendant's discriminatory practices and termination, Plaintiff suffered from the following injuries and damages:

   a. Plaintiff lost income, employment benefits and financial security;

   b. Plaintiff suffered damage to her reputation;

   c. Plaintiff developed, suffered and continue to suffer from embarrassment, shame and emotional distress;

   d. Plaintiff suffered and continue to suffer from a diminution in enjoyment of her life;

   e. Plaintiff's ability to earn wages have been diminished and continues to be diminished; and

   f. Attorneys' fees and costs.

## COUNT ONE – RETALIATION UNDER THE ADA

32. The prior paragraphs of this Complaint are incorporated herein by reference.

33. Plaintiff suffered from a recognized disability that affected her ability to perform her employment duties without reasonable accommodation.

34. Defendant retaliated against Plaintiff, because she exercised her right to equal treatment under the law by reporting her serious disability to Defendants and requesting reasonable accommodations for the same. Such retaliatory conduct is a violation of said anti retaliatory provisions of ADA.

35. Said retaliation included affecting Plaintiff's ability to perform her assigned tasks by, unwarranted harassment, disability discrimination, and discharge.

36. Plaintiff suffered intentional discrimination and retaliation because of her disability and effort to protect her rights under the Americans with Disabilities Act.

37. As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

38. Because the retaliatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights the Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

   a. The entry of declaratory judgment finding that the acts complained of herein are unlawful and violate Americans with Disabilities Act.
   b. The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of disability.
   c. The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.
   d. The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.
   e. The award of any pre-judgment interest on any back pay.
   f. The award of compensatory damages.
   g. The award of punitive damages.
   h. The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.
   i. The award of such other relief as may be just and proper.

### COUNT TWO – DISABILITY DISCRIMINATION UNDER ADA

39. All preceding paragraphs are whereby incorporated herein as if set forth at length.

40. Plaintiff was a "qualified individual with a disability" as that term is defined in the ADA (42 U.S.C §12111 *et seq.*).

41. With reasonable accommodation Plaintiff could perform the essential functions of the position of full-time therapist.

42. Defendant by its conduct, has engaged in unlawful employment practices in violation of the Americans with Disabilities Act 42 U.S.C. §§12111 *et seq*.

43. These practices include refusing to provide Plaintiff with reasonable accommodation, harassment, and discharging Plaintiff from her employment.

44. It is believed and therefore averred that these unlawful practices were intentional on the part of Defendant.

45. It is believed and therefore averred that Defendant intentionally discriminated against Plaintiff because of her seeking protection under the Americans with Disabilities Act and requesting reasonable accommodation.

46. These unlawful practices were committed by the Defendant to deprive Plaintiff of her rights under the United States Constitution and the laws of the United States and the Commonwealth of Pennsylvania.

47. These practices have caused Plaintiff to suffer damages and have deprived Plaintiff of equal employment opportunities and have otherwise adversely affected Plaintiff because of her disability.

48. As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

49. Because the discriminatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

a. The entry of a declaratory judgment finding that acts complained of herein are unlawful and violate The Americans with Disabilities Act as amended.
b. The entry of a permanent injunction enjoining Defendant from engaging in each of the unlawful acts, practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law so that Defendant no longer discriminate on the basis of disability.
c. The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.
d. The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.
e. The award of punitive damages.
f. The award of such other relief as may be just and proper.

## COUNT THREE – DISCRIMINATION UNDER ADEA

50. Plaintiff is a member of a protected class under the ADEA.

51. Plaintiff was born on January 30, 1958 and is 62 years of age at the time of suffering an adverse employment action.

52. Plaintiff was discriminated against because she were an "older" employee who had seniority and should have had higher wages.

53. Plaintiff was discriminated against by Defendant by terminating her employment because of her age.

54. Defendant filled all positions that Plaintiff was denied and/or terminated from with less qualified, less experienced and younger employees.

55. Because the discriminatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights Plaintiffs are entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in their favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

a) The entry of declaratory judgment finding that the acts complained of herein are unlawful discriminatory practices under ADEA.
b) The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of age.
c) The immediate assignment of Plaintiff to such position as they would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.
d) The award of compensation of Plaintiffs for all earnings and other benefits including retirement benefits which Plaintiffs would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.
e) The award of any pre-judgment interest on any back pay.
f) The award of compensatory damages.
g) The award of punitive damages.
h) The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## COUNT FOUR – DISCRIMINATION UNDER PHRA

56. The prior paragraphs of this Complaint are incorporated herein by reference.

57. At all times material to this complaint, Plaintiff was an "employee" of Defendant as that term is defined in the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §954.

58. At all time material to this complaint Defendant was an "employer" of Plaintiff as that term is defined in the PHRA 43 P.S. §954.

59. The acts of Defendant constitute "unlawful discriminatory practices" under 43 P.S. §955 against Plaintiff because of her race, color, disability and/or age

60. As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

**WHEREFORE**, Plaintiff requests the following:

    a.    The entry of a declaratory judgment finding that the acts complained of herein are unlawful and violate the PHRA as amended.

    b.    The entry of a permanent injunction enjoining defendants from engaging in each of the unlawful acts, practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law so that the Defendants no longer discriminate on the basis of race, national origin or color.

    c.    The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

    d.    The award of any pre-judgment interest on any back pay.

    e.    The award of compensatory damages.

    f.    The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

    g.    The award of such other relief as may be just and proper.

## COUNT FIVE – VIOLATION OF THE REHABILITATION ACT

61.    The prior paragraphs of this Complaint are incorporated herein by reference.

62.    Section 504 of the Rehabilitation Act of 1973, prohibits discrimination on the basis of disability in federally funded programs or activities, stating: "No otherwise qualified individual with a disability in the United States shall, solely by reason of this or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." (29 U.S.C. §794(a).

63.    Defendant operates and continues to operate by and through the receipt of federal financial assistance.

64.    Plaintiff is a disabled individual and/or "handicapped individual" under the Rehabilitation Act of 1973.

65. Plaintiff is otherwise qualified for the position of patient care coordinator.

66. It is believed that Plaintiff was excluded from her position and terminated by reason of her handicap.

67. It is believed that the Defendant receives federal financial assistance.

68. As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

69. Because the discriminatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

    a. The entry of a declaratory judgment finding that acts complained of herein are unlawful and violate The Rehabilitation Act as amended.
    b. The entry of a permanent injunction enjoining Defendant from engaging in each of the unlawful acts, practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law so that Defendant no longer discriminate on the basis of disability.
    c. The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.
    d. The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.
    e. The award of punitive damages.
    f. The award of such other relief as may be just and proper.

## COUNT SIX – RACE DISCRIMINATION UNDER TITLE VII

70. The prior paragraphs of this Complaint are incorporated herein by reference.

71. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended by the Civil Rights Act of 1991, ("Title VII"), makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of race.

72. Defendant, by and through their actions, discriminated against Plaintiff, because of her race (African-American), which such conduct is a violation of Title VII.

73. The discriminatory conduct was sufficiently severe and pervasive that it altered the conditions of Plaintiff's employment, affected the terms and conditions thereof, in violation of Title VII, and ultimately resulted in her termination, lost wages and/or Plaintiff's discharge from her employment. Plaintiff was fully able to perform her assigned tasks, but for the unwarranted racial discrimination and adverse employment actions.

74. Plaintiff suffered intentional discrimination because of her race.

75. Based on the foregoing, Defendant has discriminated and retaliated against Plaintiff on the basis of her race in violation of Title VII.

76. As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

77. Because the discriminatory treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's civil rights Plaintiffs are entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

    a) The entry of declaratory judgment finding that the acts complained of herein are unlawful and violate Title VII of the Civil Rights Act of 1964 as amended.
    b) The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of race.
    c) The immediate assignment of Plaintiffs to such position as she would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.
    d) The award of compensation of Plaintiffs for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.
    e) The award of any pre-judgment interest on any back pay.

  f) The award of compensatory damages.
  g) The award of punitive damages.
  h) The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

**JURY TRIAL IS DEMANDED AS TO ALL COUNTS**

       Respectfully submitted,

       **PRAETORIAN LAW GROUP, LLC**


       ___/s/____Peter T. Kobylinski_____
       Peter T. Kobylinski, Esquire
       PA ID No.: 309832
       515 Court Place, Ste 4
       Pittsburgh, PA 15219

Dated: June 25, 2021   *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:



/s/   Peter T. Kobylinski
Peter T. Kobylinski, Esquire (PA ID # 309832)\

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing papers has been sent by electronic mail to the following:

**The Program for Offenders, Inc.**
564 Forbes Avenue, Suite 930
Pittsburgh, PA 15219

June 25, 2021                                          /s/   Peter T. Kobylinski
                                                       PETER T. KOBYLINSKI